UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VON DUPRIN LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-1942 |
| ) | |
| MORAN ELECTRIC SERVICE, INC., ) | |
| and MAJOR HOLDINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Von Duprin LLC ("Von Duprin"), for its Complaint against Defendants Moran Electric Service, Inc. and Major Holdings, LLC (collectively, "Defendants"), states as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1. This is a civil action pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607 for the recovery from Moran Electric Service, Inc. ("Moran") and Major Holdings, LLC ("Major Holdings") of response costs that Von Duprin has expended to date and will expend in the future because of releases and threatened releases of hazardous substances.

2. This is also a civil action for contribution, cost recovery, and declaratory relief against Moran and Major Holdings relating to past investigation and remediation costs and future response costs related to hazardous substance releases at, to, and from property formerly and/or presently owned or operated by Moran and Major Holdings pursuant to Indiana Code § 13-30-9 et seq., which governs Indiana Environmental Legal Actions.

3. These actions relate to property located in Indianapolis, Indiana, in the area bounded by Sheldon Street to the east, East 19th Street to the south, Columbia Avenue to the

west and East 21st Street to the north, as shown on Exhibit A, attached hereto and incorporated herein. The Indiana Department of Environmental Management ("IDEM"), an agency of the State of Indiana, has determined that there have been releases of hazardous substances including, but not limited to, Volatile Organic Compounds ("VOCs") in the soil, soil gas, indoor air, and groundwater (the "Contamination" or "Contaminants") at several properties in this geographic area. The commingled groundwater plume source area is referred to herein as the "Source Area."

4. In December 2008, an environmental assessment and investigation of the property known as 1929 Columbia Avenue (located within the Source Area) (the "Columbia Avenue Facility") disclosed Contamination including VOCs in the soil and groundwater. IDEM was notified of the Contamination in March 2009. IDEM subsequently entered the Columbia Avenue Facility in the State Cleanup Program pursuant to Indiana Code § 13-25-4.

5. In August 2013, IDEM notified Von Duprin that Von Duprin is a potentially responsible party ("PRP") under the State Cleanup Program pursuant to Indiana Code § 13-25-4 in connection with soil and groundwater Contamination at the Columbia Avenue Facility. IDEM identified Von Duprin as a PRP because Von Duprin, Inc. (a predecessor to Von Duprin LLC) owned and operated the Columbia Ave Facility from 1965 until 1986 for the manufacture of hardware, which involved the handling of a variety of commercial chemical products.

6. Since 2014 at the direction of IDEM, Von Duprin has performed extensive sampling and investigation of the soil, soil gas, and indoor air and groundwater at (1) the Columbia Avenue Facility; (2) other properties within the Source Area; and (3) locations downgradient of the Source Area. As required by IDEM, Von Duprin conducted a series of successively further downgradient groundwater sampling events to delineate the farthest extent of VOC groundwater Contamination migrating from the Source Area. Von Duprin's

investigations confirm the presence of Contaminant sources at the Columbia Avenue Facility and at several other properties upgradient of the Columbia Avenue Property within the Source Area.

7. In the summer of 2014, Von Duprin conducted sampling that confirmed the presence of VOCs in the indoor air of several residential structures located downgradient of the Source Area. Vapor intrusion (VI) occurs at properties located downgradient of the Source Area as the result of VOCs, primarily trichloroethene (TCE), volatilizing from shallow contaminated groundwater and migrating through the soil into the indoor air of structures which overlay the Contaminated groundwater. Von Duprin's VI sampling efforts identified the presence of TCE in indoor air of nearby residences above concentrations that IDEM has determined to be potentially harmful to residents. For each such residence where access was obtained, Von Duprin, through its consultant installed a VI mitigation system. Following VI mitigation system installation, Von Duprin performed additional indoor air sampling to confirm that the systems effectively reduced TCE indoor air concentrations to below applicable IDEM VI screening levels. Von Duprin continues to maintain the VI mitigation systems it has installed and to pay residents the estimated annual costs for the operation of the VI mitigation systems at their residences.

8. In January 2016 and March 2016, Von Duprin collected indoor air samples at the building located at the JTV Hill Park at the direction of IDEM. The building at JTV Hill Park is shown on Exhibit A; it is located downgradient of the Source Area. Historic groundwater samples taken on JTV Hill Park property indicate the presence of elevated concentrations of VOCs, specifically TCE and perchloroethylene (PCE), in groundwater. Analysis of Von Duprin's January 2016 and March 2016 indoor air samples indicates the presence of only TCE in indoor air at concentrations that exceed IDEM residential indoor air screening levels.

9. In April 2016, IDEM notified Moran that it is a PRP under the State Cleanup Program pursuant to Indiana Code § 13-25-4 in connection with soil and groundwater

3

Contamination at property located in the Source Area. IDEM identified Moran as a PRP because during Moran's ownership and operation of property in the Source Area, Moran purchased, used, handled, stored, and/or disposed of products containing the hazardous substances discovered in the soil and groundwater within the Source Area that is currently impacting the Columbia Avenue Facility and the JTV Hill Park property.

10. Von Duprin's investigations and sampling results establish that a significant percentage of the TCE present in groundwater beneath the Columbia Avenue Facility and downgradient of the Source Area is present as the result of releases at properties formerly or currently owned and operated by Defendants Moran and/or Major Holdings within the Source Area. Von Duprin has incurred and will continue to incur necessary response costs to investigate and remediate (1) Contamination at the Columbia Avenue Facility; (2) Contamination of the shallow and deep groundwater downgradient of the Columbia Avenue Facility and Source Area; and (3) potential VI occurring at the Columbia Avenue Facility, nearby residences, and the JTV Hill Park building. A significant portion of Von Duprin's response costs have been and will be incurred as a direct result of hazardous substances released from the upgradient properties that were owned and/or operated by Defendant Moran or are currently owned by Major Tool and/or Major Holdings. Von Duprin by this action seeks recovery of a significant portion of its past response costs from Moran and Major Holdings and an order declaring that Moran and Major Holdings are liable for a significant portion of Von Duprin's future response costs because these past and future response costs are necessary costs of responding to hazardous substances released from properties owned and/or operated by Defendants.

11. In addition to response costs incurred in the investigation and remediation of the Contamination, Von Duprin has incurred and will incur response costs, including but not limited to work performed to identify Moran and Major Holdings as PRPs.

12. Von Duprin has incurred necessary costs of response that are consistent with the National Contingency Plan, promulgated pursuant to CERCLA Section 105, 42 U.S.C. § 9605, as a result of the release of hazardous substances at and from the Facilities (as defined below).

## JURISDICTION

13. This Court has subject-matter jurisdiction over this action pursuant to 42 U.S.C. §§ 9607 and 9613(b), providing jurisdiction over controversies arising under CERCLA; 28 U.S.C. § 1331, providing jurisdiction over federal questions; and 28 U.S.C. §§ 2201-2202 and 42 U.S.C. § 9613(g)(2), providing jurisdiction over declaratory judgment actions.

14. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) because the Facilities (as defined below), which consist of the properties where releases and threatened releases of hazardous substances have occurred, are located within the territorial limits of this District and the damages giving rise to these claims occurred in this District.

15. Pursuant to 42 U.S.C. § 9613(l), copies of this Complaint were provided to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency.

16. Pursuant to 28 U.S.C. Section 1367, this Court has supplemental jurisdiction over Plaintiff's Indiana Environmental Legal Action claims under Indiana Code § 13-30-9 et seq. because these claims are so related to the CERCLA claims in this action which are within this Court's original jurisdiction that they form the same case or controversy under Article III of the United States Constitution.

## PARTIES

17. Plaintiff Von Duprin LLC is an Indiana limited liability company with its principal place of business at 11819 North Pennsylvania Street, Carmel, Indiana.  From 1965

until 1986, Von Duprin, Inc., a predecessor to Von Duprin LLC, owned the property now known as 1929 Columbia Avenue, Indianapolis, Indiana (the "Columbia Avenue Facility"), as shown on Exhibit A. During its period of ownership, Von Duprin manufactured hardware at the Columbia Avenue Facility.

18.　Upon information and belief, Defendant Moran Electric Service, Inc. was a for-profit corporation formed in Indiana in the 1930s and administratively dissolved in 1999. Moran's primary business was the repair of heavy duty electrical motors.

　　a. From at least 1940 until 1999, Moran owned and conducted its business operations on property located at 1401 East 20th Street, Indianapolis, Indiana (the "Moran Property"). The Moran Property is located within the Source Area, and to the east of and adjacent to the Columbia Avenue Facility, as shown in Exhibit A. Based on the observed southwestern and western groundwater flow direction, the Moran Property is directly upgradient of the Columbia Avenue Facility.

　　b. From approximately 1967 until 1983, Moran owned and conducted its business operations on property located at 1931 Dr. Andrew J. Brown Avenue (formerly Martindale Avenue), Indianapolis, Indiana (the "Zimmer Paper Parcel"). The Zimmer Paper Parcel is located within the Source Area, to the northeast and upgradient of the Columbia Avenue Facility, as shown on Exhibit A.

19.　Defendant Major Holdings, LLC is an Indiana limited liability company with its principal place of business at 1458 East 19th Street, Indianapolis, Indiana. Major Holdings is the current owner of the Moran Property. Major Holdings is also the current owner of the Zimmer Paper Parcel.

## GENERAL ALLEGATIONS

20. Upon information and belief, Major Tool and Machine Inc. is an Indiana corporation with its principal place of business located at 1458 East 19th Street, Indianapolis, Indiana. In 2013, Major Tool acquired from the City of Indianapolis the property located at 2045 Dr. Andrew J. Brown Avenue, Indianapolis, Indiana (the "Ertel Facility"), as shown on Exhibit A. The Ertel Facility had operated since the early 1900s under several corporate entities for the production of automotive parts. The Ertel Facility is located within the Source Area, to the northeast of and upgradient from the Columbia Avenue Facility, as shown on Exhibit A.

21. Major Tool and Machine Inc. is the current owner of property located at 1450 East 20th Street, Indianapolis, Indiana (the "Zimmer Packaging Facility"), as shown on Exhibit A. Major Tool acquired this property in 2013. This property had previously been used for manufacturing operations using a variety of chemicals, including solvent and water-based inks. The Zimmer Packaging Facility is located within the Source Area, northeast and upgradient of the Columbia Avenue Facility, as shown on Exhibit A.

22. Von Duprin, Moran and Major Holdings are "persons" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

23. Moran used degreasers and cleaning agents in its business operations on and around the Moran Property and Zimmer Paper Parcel, including TCE. Historic environmental investigations of the Moran Property and Zimmer Paper Parcel reveal Contaminants in soil, soil gas, and groundwater, particularly TCE, PCE and their degradation products. Sampling conducted by Von Duprin in September 2015 confirms that Contaminants, particularly TCE, PCE, and their degradation products, continue to be present in on-site soil gas, soils and continue to migrate in groundwater from the Moran Property and Zimmer Paper Parcel to downgradient properties including the Columbia Avenue Facility.

24. The Moran Property is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

25. There has been a "release" or "threatened release" of hazardous substances at the Moran Property within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a).

26. The Contaminants detected at the Moran Property are "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

27. Historic environmental assessments of the Ertel Facility identified several recognized environmental conditions, including on-site soil and groundwater Contamination by VOCs, primarily PCE and TCE. In 2006, the U.S. Environmental Protection Agency conducted, at the Ertel Facility, an emergency removal of chemicals and waste materials that were creating an imminent threat to health. In 2012, IDEM conducted additional remediation at the Ertel Facility and allowed VOC Contamination to remain on-site subject to certain management activities. Sampling conducted by Von Duprin in September 2015 confirms that groundwater Contaminants, primarily TCE, continue to migrate via groundwater from the Ertel Facility to downgradient properties including the Columbia Avenue Facility.

28. The Ertel Facility is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

29. There has been a "release" or "threatened release" of hazardous substances at the Ertel Facility within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a).

30. The Contaminants detected at the Ertel Facility are "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

31. Historic environmental assessments of the Zimmer Paper Parcel identified on-site soil and groundwater Contamination by VOCs, primarily PCE and TCE. Sampling conducted by Von Duprin in September 2015 confirms that groundwater Contaminants, primarily TCE, continue to migrate from the Zimmer Paper Parcel to downgradient properties including the Columbia Avenue Facility.

32. The Zimmer Paper Parcel is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

33. There has been a "release" or "threatened release" of hazardous substances at the Zimmer Paper Parcel within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a).

34. The Contaminants detected at the Zimmer Paper Parcel are "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

35. Historic environmental assessments of the Zimmer Packaging Facility identified on-site soil and groundwater Contamination, primarily PCE and TCE. Sampling conducted by Von Duprin in September 2015 confirms that groundwater Contaminants, primarily TCE, continue to migrate from the Zimmer Packaging Facility to downgradient properties including the Columbia Avenue Facility.

36. The Zimmer Packaging Facility is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

37. There has been a "release" or "threatened release" of hazardous substances at the Zimmer Packaging Facility within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a).

38. The Contaminants detected at the Zimmer Packaging Facility are "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

39. The observed groundwater flow direction in the Source Area is to the southwest and west.

## ACTION AGAINST MORAN

## COUNT I: CERCLA COST RECOVERY UNDER SECTION 107(a)(4)(B)

40. Von Duprin realleges and incorporates by reference paragraphs 1 through 39 above as if fully set forth herein.

41. Moran is a person who at the time of disposal of hazardous substances at the Moran Property and Zimmer Paper Parcel owned or operated the Moran Property and Zimmer Paper Parcel, each of which is a facility where hazardous substances were disposed of and released or threatened to be released. Therefore, Moran is liable under CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

42. Releases or threatened releases of hazardous substances have occurred at the Moran Property and Zimmer Paper Parcel, which have caused and will continue to cause Von Duprin to incur response costs.

43. Under CERCLA Section 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B), Von Duprin is entitled to cost recovery from Moran for response costs incurred in connection with Contamination released to and migrating from the Moran Property and the Zimmer Paper Parcel to the Columbia Avenue Facility and further downgradient and for future response costs Von Duprin will incur in connection with Contamination released to and migrating from the Moran Property to the Columbia Avenue Facility and further downgradient properties.

## COUNT II: CERCLA DECLARATORY JUDGMENT UNDER SECTION 113(g)(2)

44. Von Duprin realleges and incorporates by reference paragraphs 1 through 43 above as if fully set forth herein.

45. An actual controversy exists, within the meaning of 28 U.S.C. § 2201 and CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), between Von Duprin and Moran with respect to their respective rights and responsibilities for the response costs incurred and to be incurred with respect to the Contamination at and migrating downgradient of the Moran Property and Zimmer Paper Parcel to the Columbia Avenue Facility and further downgradient properties.

46. Von Duprin is entitled to a declaratory judgment on liability for response costs that is binding in any subsequent actions to recover further response costs and declares Moran liable under CERCLA Section 107(a), 42 U.S.C. § 9607(a), for all or its proper share of response costs Von Duprin has incurred and will incur with respect to the Contamination migrating from the Moran Property and Zimmer Paper Parcel, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201-2202.

## COUNT III:  INDIANA ENVIRONMENTAL LEGAL ACTION CLAIM

47. Von Duprin realleges and incorporates by reference paragraphs 1 through 46 above as if fully set forth herein.

48. Von Duprin and Moran are each a "person" within the meaning of IND. CODE § 13-30-9-2.

49. Moran caused and/or contributed to the release of hazardous substances into the subsurface soil and groundwater at the Moran Property and the Zimmer Paper Parcel.

50. The hazardous substances released by Moran at the Moran Property and Zimmer Paper Parcel into the soil, soil gas, and groundwater pose a risk to human health and the environment. Hazardous substances in the groundwater have migrated and continue to migrate through the environment at concentrations above applicable cleanup levels.

51. The hazardous substances released by Moran at the Moran Property and the Zimmer Paper Parcel have caused and contributed and will continue to cause and contribute to

11

the soil, soil gas, indoor air, and groundwater contamination at the Columbia Avenue Facility and other downgradient properties.

52. Von Duprin has incurred fees and costs investigating and remediating the Contamination of the Columbia Avenue Facility and other downgradient properties and Von Duprin will incur additional fees and costs in responding to, removing and remediating the Contamination at the Columbia Avenue Facility and other downgradient properties, and in bringing its claims in this action.

53. Indiana Code § 13-30-9 et seq. provides for the recovery of reasonable costs of environmental assessment and removal and remedial actions, as well as attorneys' fees, from persons who caused or contributed to the releases of a hazardous substance that pose a risk to human health or the environment.

54. Moran is liable to Von Duprin for all reasonable costs and fees incurred by Von Duprin now and in the future for the environmental assessment and removal and remedial actions resulting from the hazardous substance releases from the Moran Property and the Zimmer Paper Parcel.

## ACTION AGAINST MAJOR HOLDINGS
## COUNT IV: CERCLA COST RECOVERY UNDER SECTION 107(a)(4)(B)

55. Von Duprin realleges and incorporates by reference paragraphs 1 through 54 above as if fully set forth herein.

56. Major Holdings is the current owner and operator of the Moran Property and the Zimmer Paper Parcel, each of which is a facility at which such hazardous substances are disposed of and released or threatened to be released. Therefore, Major Holdings is liable under CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1).

57. Major Holdings is the former owner and operator of the Ertel Property and the Zimmer Packaging Property, each of which is a facility at which such hazardous substances are disposed of and released or threatened to be released. Therefore, Major Holdings is liable under CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

58. Releases or threatened releases of hazardous substances have occurred at the Moran Property, Zimmer Packaging Property, Ertel Property, and the Zimmer Paper Parcel, which have caused and will continue to cause Von Duprin to incur response costs.

59. Under CERCLA Section 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B), Von Duprin is entitled to cost recovery from Major Holdings for response costs incurred in connection with Contamination migrating from the Moran Property and Zimmer Paper Parcel to the Columbia Avenue Facility and further downgradient properties and for future response costs Von Duprin will incur in connection with contamination migrating from the Moran Property, Ertel Property, Zimmer Packaging Property, and Zimmer Paper Parcel to the Columbia Avenue Facility and further downgradient properties.

**COUNT V: CERCLA DECLARATORY JUDGMENT UNDER SECTION 113(g)(2)**

60. Von Duprin realleges and incorporates by reference paragraphs 1 through 59 above as if fully set forth herein.

61. An actual controversy exists, within the meaning of 28 U.S.C. § 2201 and CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), between Von Duprin and Major Holdings with respect to their respective rights and responsibilities for the response costs incurred and to be incurred with respect to the Contamination migrating from the Moran Property and Zimmer Paper Parcel to the Columbia Avenue Facility and other downgradient properties.

62. Von Duprin is entitled to a declaratory judgment on liability for response costs that is binding in any subsequent actions to recover further response costs and declares Major Holdings liable under CERCLA Section 107(a), 42 U.S.C. § 9607(a), for all or its proper share of response costs that Von Duprin has incurred and will incur with respect to the Contamination migrating from the Moran Property, Ertel Property, Zimmer Packaging Property, and Zimmer Paper Parcel, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201-2202.

WHEREFORE, Von Duprin respectfully requests that the Court:

a. Enter a judgment under 42 U.S.C. §§ 9607(a)(4)(B) and 9613(g)(2) and IND. CODE § 13-30-9 against Moran and Major Holdings, finding that Von Duprin is entitled to cost recovery and/or contribution from Moran and Major Holdings for response costs incurred in connection with releases on properties currently or formerly owned and/or operated by Defendants and for future response costs Von Duprin will incur in connection with the Contamination at the Columbia Avenue Facility and other downgradient properties resulting from releases from properties currently or formerly owned and/or operated by Defendants and allocating the past response costs and the future response costs as between Von Duprin and the Defendants using such equitable factors as the Court determines are appropriate;

b. Enter a declaratory judgment against Moran and Major Holdings that Von Duprin is entitled to cost recovery and/or contribution from Defendants for response costs incurred in connection with the Contamination at the Columbia Avenue Facility and other downgradient properties that results from releases from properties formerly or currently owned and/or operated by Defendants and for future response costs Von Duprin will incur in connection with such Contamination and

allocating the past response costs and future response costs as between Von Duprin and Defendants using such equitable factors as the Court determines are appropriate;

c. Award Von Duprin prejudgment interest, costs, and attorneys' fees as allowed by law; and

d. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

 */s/ E. Sean Griggs*
E. Sean Griggs (17716-49)
Alexandra R. French (32739-29)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana  46204
sean.griggs@btlaw.com
Phone: (317) 231-7793
Facsimile:  (317) 231-7433

Attorneys for Plaintiff,
Von Duprin LLC