UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VON DUPRIN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-01942-TWP-DML |
| | ) |
| MORAN ELECTRIC SERVICE, INC., MAJOR HOLDINGS, LLC, MAJOR TOOL AND MACHINE, INC., ZIMMER PAPER PRODUCTS INC., | ) |
| | ) |
| Defendants. | ) |
| ——————————————— | ) |
| MAJOR HOLDINGS, LLC, MORAN ELECTRIC SERVICE, INC., MAJOR TOOL AND MACHINE, INC., | ) |
| | ) |
| Counter Claimants, | ) |
| v. | ) |
| | ) |
| VON DUPRIN LLC, MAJOR HOLDINGS, LLC, MAJOR TOOL AND MACHINE, INC., | ) |
| | ) |
| Counter Defendants. | ) |
| ——————————————— | ) |
| MAJOR HOLDINGS, LLC, MAJOR TOOL AND MACHINE, INC., | ) |
| | ) |
| Cross Claimants, | ) |
| v. | ) |
| | ) |
| MORAN ELECTRIC SERVICE, INC., VON DUPRIN LLC, | ) |
| | ) |
| Cross Defendants. | ) |

## ORDER ON MOTION TO DISMISS

Before the Court is a Partial Motion to Dismiss filed by Defendant Moran Electric Services, Inc. ("Moran"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (Filing No. 17.) On July 22,

2016, Plaintiff Von Durpin, LLC ("Duprin") filed a Complaint against Moran and Defendant Major Holdings, LLC ("Major"). ([Filing No. 1](Filing No. 1).) After expending efforts to clean up a polluted site, Duprin seeks contribution, cost recovery, and declaratory relief against Moran and other defendants, pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a)(4)(B) ("Section 107(a)") and 9613(g)(2) ("Section 113(g)"), as well as under Indiana Code § 13-30-9 *et seq.*, which governs the Indiana Environmental Legal Action statute ("the ELA"). Moran moves to partially dismiss Duprin's Complaint, specifically Duprin's contribution claim. For the reasons set forth below, the Court **DENIES** the Motion to Dismiss.

## I. BACKGROUND

The following facts derive from Duprin's Complaint. This action relates to the release of hazardous substances at several properties located in Indianapolis, Indiana. In August 2013, the Indiana Department of Environmental Management ("IDEM") notified Duprin that it was a potentially responsible party[1] because Duprin's predecessor, Von Duprin, Inc., owned and operated one of the contaminated properties—specifically, the Columbia Avenue Facility—from 1965 until 1986.

At the direction of IDEM, Duprin performed extensive sampling and investigation of the soil, soil gas, indoor air and groundwater at the Columbia Avenue Facility and other properties surrounding the Columbia Avenue Facility (collectively, "the Source Area"). IDEM also required Duprin to conduct downgradient groundwater and indoor air sampling to determine how far certain hazardous substances migrated from the Source Area. Duprin confirmed the presence of

---

[1] "A person or entity that may be required to clean up a polluted site because the person or entity (1) owns or operates on the site, (2) arranged for the disposal of a hazardous substance on the site, (3) transported a hazardous substance to the site, or (4) contributed in any other way to contaminate the site." *Potentially Responsible Party*, BLACK'S LAW DICTIONARY (10th ed. 2014).

hazardous substances at the Columbia Avenue Facility and several other properties located within the Source Area, as well as the presence of potentially harmful substances in nearby residences. Thereafter, Duprin installed mitigation systems into each residence that allowed Duprin access, in order to reduce the amount of contaminants. Duprin continues to maintain and pay the annual cost for the operation of each mitigation system.

Throughout the years, Duprin continued conducting investigations and samplings. In April 2016, IDEM identified Moran as another potentially responsible party in connection with the hazardous substances released in the Source Area because, from approximately 1940 through 1999, Moran purchased, used, or disposed of products containing the hazardous substances discovered in the Source Area's soil and groundwater. Thereafter, on July 22, 2016, Duprin filed a Complaint against Moran, asserting that it is entitled to cost recovery, contribution and declaratory relief pursuant to CERCLA §§ 107(a) and 113(g), as well as under the ELA statute. ([Filing No. 1](#).) On September 20, 2016, Moran moved to partially dismiss Duprin's Complaint, arguing that CERCLA § 107(a) and the ELA statute do not provide a claim for contribution. ([Filing No. 17](#).) On October 7, 2016, Duprin responded to Moran's Partial Motion to Dismiss, asserting the ELA statute provides a claim for contribution and Duprin is not seeking contribution under § 107(a). ([Filing No. 24](#).)

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

The only issue before the Court is whether the ELA statute permits contribution claims. Moran moves the Court to partially dismiss Duprin's Complaint, arguing the ELA statute does not provide a cause of action for Duprin's contribution claim and, therefore, Duprin failed to state a claim upon which relief can be granted.

Contribution involves the right of one party, who has paid more than his or her proportionate share and discharged a common liability, to recover proportionately from each of the other parties. *See Contribution*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Peniel Grp., Inc. v. Bannon*, 973 N.E.2d 575, 581 (Ind. Ct. App. 2012) ("[c]ontribution involves the partial reimbursement of one who has discharged a common liability") (citations omitted). The term "discharge" is defined as "[a]ny method by which a legal duty is extinguished; esp[ecially], the

payment of a debt or satisfaction of some other obligation." *Discharge*, BLACK'S LAW DICTIONARY (10th ed. 2014). The ELA statute states:

> [a] person may, regardless of whether the person caused or contributed to the release of a hazardous substance or petroleum into the surface or subsurface soil or groundwater that poses a risk to human health and the environment, bring an environmental legal action against a person that caused or contributed to the release *to recover reasonable costs of a removal or remedial action* involving the hazardous substances or petroleum.

IND. CODE § 13-30-9-2 (emphasis added).

Moran asserts that the plain language of the ELA statute does not permit contribution. *See Weigle v. SPX Corp.*, 729 F.3d 724, 740 n.4 (7th Cir. 2013) (quoting *Grody v. State*, 257 Ind. 651, 659–60, 278 N.E.2d 280, 285 (1972), "[i]t is not within the province of this Court to expand or contract the meaning of a statute by reading into it language which will, in the opinion of the Court, correct any supposed omissions or defects therein"). Moran contends that the ELA statute provides only relief for "removal or remedial actions," and relies on other sections of the Indiana Code when arguing the statutory definitions of "removal" and "remedial action" do not include the recovery of contribution payments from a potentially responsible party. *See* IND. CODE § 13-11-2-185 (defining "remedial action"); IND. CODE § 13-11-2-187 (defining "removal"). Moran also relies on *Peniel* when asserting the Indiana Court of Appeals has categorically held that claims under the ELA statute are not "contribution" actions. *See Peniel*, 973 N.E.2d at 582 (holding a claim brought under the ELA statute is not "a claim for contribution where it allows a plaintiff who is neither liable for the release of a hazardous substance nor has been found liable, to recover the costs of remediation from another party without regard to the plaintiff's part in causation of the damage") (citations omitted).

In response, Duprin argues that it incurred costs and discharged liability in excess of its equitable share and, as such, it is entitled to recover reasonable costs and to obtain a fair allocation

for Moran's contribution. The Court agrees with Duprin and notes, similar to the doctrine of contribution and despite Moran's assertions, the ELA statute focuses on allocating costs equitably among each party according to their proportion of responsibility. *Compare Contribution*, BLACK'S LAW DICTIONARY (10th ed. 2014), *and* IND. CODE § 13-30-9-3 ("[i]n resolving an environmental legal action, a court *shall allocate* the costs of the removal or remedial action *in proportion to the acts or omissions of each party*, without regard to any theory of joint and several liability, using legal and equitable factors that the court determines are appropriate…"). The Court finds that if it follows Moran's contention—the ELA statute does not provide for contribution—then the ELA statutes' allocation provision would be meaningless in cases where one party discharges liability for environmental remediation in excess of its equitable share. *See id*. The Court also finds Moran's reliance on *Peniel* misplaced. *Peniel* explains that "[t]he plain language of [the ELA] makes it clear that the legislature did not intend the ELA statute to be a *contribution-only* statute," but *Peniel* does not categorically state that the ELA statute prohibits contribution claims. *See Peniel*, 973 N.E.2d at 582 n.7 (emphasis added) (citations omitted).

Accordingly, because Moran has presented no statute or case law specifically stating the ELA statute does not provide a claim for contribution, Moran's Motion to Dismiss is **denied**. *See City of Gary v. Shafer*, No. 2:07-CV-56-PRC, 2011 WL 3439239, at *3 (N.D. Ind. Aug. 5, 2011) (pointing to CERCLA Section 113(g), which permits contribution claims, when holding "CERCLA provides an express right of contribution among liable parties…" and "[a]s with CERCLA, the Court must allocate a percentage of contribution between or among parties under the [ELA] statute…").

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Moran's Motion to Dismiss. (Filing No. 17.)

**SO ORDERED**.

Date: 5/8/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Glenn David Bowman
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
gbowman@bamberger.com

Marc Andrew Menkveld
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
mmenkveld@bamberger.com

Alexandra Robinson French
BARNES & THORNBURG LLP
arobinson@btlaw.com

Edward S. Griggs
BARNES & THORNBURG LLP (Indianapolis)
sean.griggs@btlaw.com

Angela Pease Krahulik
ICE MILLER LLP
krahulik@icemiller.com

Nicholas B. Reuhs
ICE MILLER LLP
nicholas.reuhs@icemiller.com

Samuel B. Gardner
ICE MILLER LLP
samuel.gardner@icemiller.com