UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VON DUPRIN LLC, | ) | |
|     Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| MORAN ELECTRIC SERVICE, INC.,<br>MAJOR HOLDINGS, LLC,<br>MAJOR TOOL AND MACHINE, INC.,<br>and ZIMMER PAPER PRODUCTS<br>INCORPORATED, | )<br>)<br>)<br>)<br>)<br>) | |
|     Defendants. | )<br>) | |
| MAJOR HOLDINGS, LLC,<br>    Cross-Claimant, | )<br>)<br>) | |
| v. | ) | Case No. 1:16-cv-001942-TWP-DML |
| MORAN ELECTRIC SERVICE, INC.,<br>    Cross-Claim Defendant. | )<br>)<br>)<br>) | |
| MORAN ELECTRIC SERVICE, INC.,<br>    Counterclaimant, | )<br>)<br>) | |
| v. | )<br>) | |
| VON DUPRIN, LLC and<br>MAJOR TOOL AND MACHINE, INC.,<br>    Counterclaim Defendants. | )<br>)<br>)<br>) | |

**MORAN ELECTRIC SERVICE, INC.'S**
**AMENDED STATEMENT OF DEFENSES *AND CLAIMS***

Moran Electric Service, Inc. ("Moran") pursuant to the Second Revised Case Management Plan [Docket 98], as revised [Docket 120] submits its amended statement of defenses[1] *as well as claims* as follows:

---

[1] Any amendments are shown in <u>italics</u>.

1. The Second Revised Case Management Plan requires each party, within 14 days after the non-expert discovery deadline, to file a statement of claims or defenses which it intends to prove at trial.

2. On April 4, 2018 Moran filed a Motion for Leave to File Amended Answer and Affirmative Defenses [Docket 113] along with a proposed order. The order was granted [Docket 117] and Moran's Amended Answers and Affirmative Defenses was then shown as filed [Docket 118].

3. Having completed discovery, and having also recently revisited and reconsidered the affirmative defenses asserted, counsel for Moran stand by these affirmative defenses and for clarification state as follows:

*Moran's Defenses to Von Duprin's Claims*

1. Von Duprin has failed to state a claim against Moran upon which relief can be granted; the statutory causes of action under which Von Duprin brings its claims do not provide a claim for contribution; these causes of action provide only for claims of cost recovery.

On September 21, 2016 Moran filed its Motion to Partially Dismiss Von Duprin's Complaint [Docket 17] and Brief in Support thereof [Docket 18]. Counsel for Moran stands by the statements of fact and assertions of law within the motion and brief. Von Duprin asserts a claim under CERCLA 42 U.S.C. § 9607(a)(4)(b) – commonly referred to as "Section 107(a). Von Duprin asserts this as a claim for contribution as well as for cost recovery. But Section 107(a) is not the appropriate statutory vehicle to assert a claim for contribution, only cost recovery. After discovery it is clear that some of the damages that Von Duprin attempts to

collect are for contribution, not cost recovery. The same facts but different legal arguments apply to the Indiana Environmental Legal Action Statute ("ELA").

> 2. Von Duprin's claims are barred by the applicable statute of limitations or repose; Von Duprin had knowledge of the environmental contamination at the former Von Duprin site and failed to file suit within the applicable statute of limitations causing some or all of its alleged damages to be non-recoverable.

The statute of limitations for claims asserted under CERCLA is found at 42 U.S.C. § 9613. The statute of limitations for claims asserted under the Indiana Environmental Legal Action Statute is found at Indiana Code 34-11-2-7. Von Duprin's knowledge of the problems at the former Von Duprin site confirms that the claims have not been brought within the applicable statutes of limitation.

> 3. Von Duprin's claims are barred by the doctrines of laches, unclean hands, estoppel, accord and satisfaction, and waiver; this includes the defense that Von Duprin resolved through settlement a lawsuit with Threaded Rod, a subsequent owner of the former Von Duprin site, and Von Duprin must then solely bear the costs, liabilities and consequences of that settlement.

As stated in Affirmative Defense # 1, above, neither CERCLA Section 107(a) nor the ELA can be used by Von Duprin to recover sums that it chose to pay to Threaded Rod, a subsequent owner of the former Von Duprin site, to settle claims asserted by Threaded Rod against Von Duprin. Von Duprin must solely bear the cost, liability, and consequences of that settlement because: 1) the claims of Threaded Rod relate to the actions of Von Duprin, not

Moran, 2) Von Duprin made decisions regarding settlement amount and not Moran, and 3) neither Section 107(a) nor the ELA provide for recovery of such payments.

    4.    Von Duprin's alleged damages were caused by Von Duprin and/or Von Duprin's agents, including the fact that Von Duprin or its agents released hazardous substances at the former Von Duprin Site.

There is clear evidence now well established that actions of the agents, employees, and representatives of Von Duprin caused environmental contamination now found at the former Von Duprin site, and now off-site.

    5.    Von Duprin has failed to mitigate or otherwise avoid its damages, including but not limited to conducting environmental investigations that were unnecessary or avoidable.

Von Duprin conducted investigations, and thus incurred costs, that were unnecessary and avoidable. Further, to the extent necessary investigations were needed, Von Duprin unduly delayed investigating the known releases of hazardous substances on the former Von Duprin site.

    6.    Von Duprin is not entitled to a contribution under either CERCLA Section 107(a) or Indiana Code 13-30-9-2.

Moran will present evidence, including expert testimony, that the damages alleged by Von Duprin are not recoverable under Indiana law or under Federal CERCLA. For costs to be recovered under CERCLA, they must strictly comply with the National Contingency Plan.

    7.    Von Duprin's alleged damages were caused in whole or in part by non-parties to this Cause, including Ertel Manufacturing Corporation, American Fabricated, Inc., and the City of Indianapolis.

Moran will submit evidence at trial demonstrating that the environmental contamination at the former Von Duprin site, as well as further downgradient areas, was caused not only by Von Duprin, but also by Ertel Manufacturing, the City of Indianapolis, American Fabricated, Inc.

8. Von Duprin assumed the environmental risk associated with the Columbia Avenue Facility.

Von Duprin is responsible for the environmental contamination. Further, through settlement agreements with Threaded Rod, Von Duprin assumed the environmental risk at the former Von Duprin site.

9. Awarding damages to Von Duprin would result in unjust enrichment.

This defense is demonstrated by Affirmative Defenses # 1, 3, 4, and 5 but is an affirmative defense asserted within equity. Counsel for Moran will put forward evidence demonstrating that it would indeed be an unjust enrichment to award damages to Von Duprin as requested.

10. Von Duprin's alleged damages were caused by the actions of persons other than Moran and/or persons not under Moran's direction or control.

The facts and law supporting this affirmative defense are covered in Affirmative Defenses # 4 and 7.

11. Any recoverable damages are subject to setoff, reduction, and/or divisibility.

*Counterclaims Against Von Duprin, LLC and Major Holdings, LLC*

Moran asserts a counterclaim/cross-claim for contribution against Major Holdings and Von Duprin under CERCLA and a claim for recovery under I.C. 13-30-9-2 against Major Holdings.

1. Moran shall present evidence at trial that it is entitled to contribution from Von Duprin and Major Holdings under CERCLA 42 USC § 9613(f) as well as from Major Holdings under Indiana Code 13-30-9-2. Major Holdings and Von Duprin are liable under CERCLA 42 USC § 9607(a). Von Duprin is liable under CERCLA for releases of hazardous substances at its site; Major Holdings is liable under CERCLA as a responsible party which failed to address known contamination. If Moran is held liable, Moran is entitled to contribution from Von Duprin and Major Holdings under 42 USC § 9613(f).

2. The damages which Von Duprin seeks to recover are divisible under CERCLA. Although CERCLA may impose a strict liability standard, it does not mandate joint and several liability in every case. In this circumstance, the harm is divisible and parties should only be held liable for the portion of harm to them. In this case a significant share of costs, if not all, should be borne by Von Duprin and/or Major Holdings.

3. Under the Indiana Environmental Legal Action Statute, I.C. 13-30-9 et seq., parties or entities are responsible to the extent to which they "caused or contributed" to environmental contamination. The Court is to use equitable factors in allocating amongst parties. See I.C. 13-30-9-3. Under those equitable factors, a significant portion of the costs, if not all, relating to the Zimmer Paper Parcel, and thus the former Moran site, should be apportioned to Major Holdings. By failing to address impacts at the Zimmer Paper Parcel, Major Holdings has allowed contamination to impact the former Moran site.

*Defenses to Claims by Major Holdings*

1. Major Holdings has failed to state a claim against Moran upon which relief can be granted.

2. Major Holdings' claims are barred by applicable statutes of limitations or repose. The statute of limitations for claims asserted under CERCLA is found at 42 USC § 9613. Major Holdings' knowledge of problems at the former Moran site, and the Zimmer Paper Parcel, confirms that claims have not been brought within applicable statute of limitations.

3. Major Holdings' claims are barred by the doctrines of laches, unclean hands, estoppel, accord and satisfaction, and waiver. Moran and Major Holdings previously entered into a settlement that constitutes accord and satisfaction. Major Holdings failed to take action timely to deal with known environmental problems at the former Moran site and the Zimmer Paper Parcel. Major Holdings had agreements, with incentives, with the City of Indianapolis and Redevelopment, and other parties, that covered how these parties would deal with known environmental impacts. These prior agreements and settlements stand as a bar to recovery from Moran.

4. Major Holdings' alleged damages were cause by Major Holdings and/or Major Holdings' agents. Evidence will be brought forth at trial demonstrating that Major Holdings knew of environmental impacts at the former Moran Site and adjoining properties and did not take action timely to deal with those problems resulting in continuing environmental impacts.

5. Major Holdings has failed to mitigate or otherwise avoid its damages. Major Holdings' alleged damages were cause by Major Holdings and/or Major Holdings' agents. Evidence will be brought forth at trial demonstrating that Major Holdings knew of

*environmental impacts at the former Moran Site and adjoining properties and did not take action timely to deal with those problems resulting in continuing environmental impacts.*

6. *Major Holdings' alleged damages are not recoverable because they are not costs of "removal" and/or "remedial action" as those terms are defined under Indiana Law and by CERCLA; they are not necessary costs; they were not reasonably incurred; they were not approved by the United States Environmental Protection Agency, and/or are not consistent with the National Contingency Plan. Moran will present evidence that the damages alleged by Major Tool are not recoverable under Indiana Law or under Federal CERCLA. For the costs to be recovered under CERCLA, they must strictly comply with the National Contingency Plan. The cost which Major Holdings seeks have not been shown to comply.*

7. *Major Holdings' alleged damages were caused in whole or in part by non-parties to the cause, including Major Tool & Machine, Inc., Ertel Manufacturing Corporation, American Fabricated Inc., and the City of Indianapolis. Moran will submit evidence at trial demonstrating the environmental contamination at the former Moran site and adjoining properties was caused by parties not to the case, including those as identified. As such, whether under CERCLA or the Indiana Environmental Legal Action Statute, Major Holdings cannot recover those damages from Moran.*

8. *Any recoverable damages are subject to setoff, reduction and/or divisibility.*

Respectfully submitted,


*/s/ Glenn D. Bowman*
Glenn D. Bowman (4085-49)
Marc A. Menkveld (29381-32)
STOLL KEENON OGDEN PLLC
201 North Illinois Street, Suite 1225
Indianapolis, IN  46204
Phone:  (317) 464-1591
Facsimile:  (317) 464-1592
Email:  Glenn.Bowman@skofirm.com and
Marc.Menkveld@skofirm.com
ATTORNEYS FOR MORAN ELECTRIC SERVICE, INC.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of July 2018 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

E. Sean Griggs
sean.griggs@btlaw.com

Alexandra R. French
alexandra.french@btlaw.com

Angela P. Krahulik
angela.krahulik@icemiller.com

Seth M. Thomas
seth.thomas@icemiller.com

Samuel B. Gardner
samuel.gardner@icemiller.com


/s/ Glenn D. Bowman

521645.442397/7730111.1