UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VON DUPRIN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MORAN ELECTRIC SERVICE, INC., MAJOR HOLDINGS, LLC, MAJOR TOOL AND MACHINE, INC., and ZIMMER PAPER PRODUCTS INCORPORATED, | ) ) ) ) ) ) | 1:16-cv-01942-TWP-DML |
| Defendants. | ) | |

## DECLARATION OF ROBERT FERREE

I, Robert Ferree, declare as follows:

1. I have personal knowledge of the facts stated in this Declaration and am otherwise qualified to testify.

2. Geosyntec, on behalf of Von Duprin, has been engaged to perform various environmental investigations and remediation work related to the release of hazardous substances at several facilities located along Dr. Andrew J. Brown Boulevard and north of East 19th Street in Indianapolis, Indiana as well as nearby properties to the southwest that have been impacted by migrating soil gas and groundwater contamination.

3. In the course of that investigation, it has been confirmed that contaminants from several former manufacturing operations have combined to form a single, comingled plume which covers an area nearly one mile in length, with

contaminants migrating through soil and groundwater toward residential and commercial parts of the City (the "Plume Area").

4. The comingled plume has produced potentially harmful vapors that have impacted both commercial and residential structures along the groundwater flow path.

5. At the direction of IDEM, Von Duprin performed extensive sampling and investigation of the soil, soil gas, indoor air and groundwater at the Columbia Avenue Facility and other properties surrounding the Columbia Avenue.

6. Also in the course of Geosyntec's work directed by IDEM, Geosyntec completed a Final Investigation Report on behalf of Von Duprin, which reported on Geosyntec's findings and also analyzed historical documents and environmental reports to identify potential sources of release. A true and accurate copy of the final investigation report is attached hereto as Exhibit A. IDEM has agreed that the characterization of contamination at the site, as detailed in Exhibit A is sufficient to proceed with a remedial work plan. A true and accurate copy of IDEM's e-mail approval of the characterization is attached hereto as Exhibit B.

7. IDEM also required Von Duprin to conduct downgradient groundwater and indoor air sampling to determine how far certain hazardous substances have migrated.

8. On behalf of Von Duprin, Geosyntec confirmed the presence of potentially harmful substances in nearby residences and a public park building.

9. Geosyntec, on behalf of Von Duprin, installed mitigation systems into each affected residence that allowed Geosyntec access, in order to reduce the amount of

contaminants. A true and accurate copy of Von Duprin's work plan for residential vapor intrusion sampling is attached as Exhibit C. Von Duprin continues to maintain and pay the annual cost for the operation of each of these mitigation systems.

10. Geosyntec, on behalf of Von Duprin, also performed vapor intrusion mitigation work at the public park building. A true and accurate copy of Geosyntec's work plan for such measures is attached hereto as Exhibit D. A true and accurate copy of IDEM's e-mail approving of the work plan is attached as Exhibit E.

11. IDEM has recently ordered vapor intrusion concerns to be addressed at least at two additional residences.

12. As a result of the hazardous substances in groundwater and soil gas, Threaded Rod was ordered by IDEM to take action to delineate the extent of the groundwater contamination exceeding regulatory standards, to protect park visitors and nearby residents from unwanted exposure to chlorinated solvent vapors, and to determine what potential sources were contributing to the comingled groundwater plume.

13. Threaded Rod sued Von Duprin, and the parties ultimately reached a settlement, whereby Von Duprin agreed to complete investigation and remediation of the Threaded Rod property and the impacted groundwater, and Threaded Rod ceded its work product including existing monitoring wells, sampling results, laboratory data and reports prepared by environmental consultants employed by Threaded Rod.

14. The acquisition of Threaded Rod's data set and knowledge base allowed Von Duprin to focus its investigative efforts on areas that had not yet been investigated adequately by Threaded Rod.

15. On Von Duprin's behalf, Geosyntec has continued to conduct investigations and take soil, soil gas, indoor air, and groundwater samples.

16. The cost of the work Geosyntec has performed for Von Duprin to date associated with the IDEM-directed investigation and remediation activities in response to releases and threatened release of PCE and TCE in the Plume Area exceeds $2 million, including installation and monitoring of vapor mitigation systems in six (6) residential structures and a public park building used by children.

17. Von Duprin has met with defendants and IDEM to discuss possible remediation plans and attempt to reach agreement on a final remedial solution for the Plume Area, to no avail.

18. Some of the response costs incurred by Von Duprin to date have been purely investigative in nature and others have been designed to address the soil gases emanating from the contaminated groundwater and impacting structures.

19. Von Duprin's investigative activities were undertaken to assess the nature and extent of the contamination in preparation for selecting interim removal and remedial actions to protect human health from potentially harmful vapors in their homes and a public park building.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2018 in Columbus, Ohio.

_____
Robert Ferree, LPG